UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAMON MANUEL RIOS MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:21-cv-252 |
| INFINITE DELIVERY OPS, LLC, | ) ) **JURY DEMANDED** |
| Defendant. | ) ) |

## COMPLAINT

1. In July 2020, Plaintiff Ramon Manuel Rios Martinez ("Rios Martinez") contracted COVID-19. He was working as a delivery driver for Defendant Infinite Delivery Ops, LLC ("Defendant"). He texted his supervisor a description of his symptoms and a flyer showing he had been tested for the virus. Under the terms of the Emergency Paid Sick Leave Act ("EPSLA"), 116 Pub. L. No. 127, §§ 5101–5111, 134 Stat. 178, 195–201 (2020), Defendant should have responded to that notification by providing Mr. Rios Martinez with up to two weeks of paid sick leave.

2. Instead, Defendant denied the request on the basis that Mr. Rios Martinez had failed to provide a doctor's note within five days. This requirement that was not only impossible for him to comply with, given that his drive-through testing center did not provide a doctor's note and his test results were delayed for two weeks, but also legally impermissible under the EPSLA. Mr. Rios Martinez brings this suit to enforce the requirements of the EPSLA and recover the leave pay that was wrongfully denied to him.

## JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant to the EPSLA, § 5105(a), 134 Stat. 197.

1

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to these claims occurred in this judicial district.

## PARTIES

6. Plaintiff Ramon Manuel Rios Martinez is a resident of Austin, Texas.

7. For the time period at issue in this Complaint, Mr. Rios Martinez was an employee of Defendant within the meaning of the EPSLA, § 5110(1)(A)(i), 134 Stat. 198, and 29 C.F.R. § 826.10(a).

8. Mr. Rios Martinez was employed by Defendant in Defendant's main place of business in Austin, Texas.

9. Defendant Infinite Delivery Ops, LLC is a limited liability corporation organized under the laws of Texas, with its corporate headquarters in Leander, Texas.

10. Defendant is a "covered employer" within the meaning of the EPSLA, § 5110(2), 134 Stat. 198–99, and 29 C.F.R. § 826.10(a).

11. Defendant engages in "commerce" within the meaning of the EPSLA, § 5110(2), 134 Stat. 198–99, and 29 C.F.R. § 826.10(a).

12. On information and belief, Defendant employs fewer than 500 employees.

13. For the time period at issue in this Complaint, Defendant's registered agent, Daniel Hernandez, was Mr. Rios Martinez's immediate supervisor.

14. In undertaking the actions described in this Complaint, Hernandez was acting as Defendant's officer and agent.

## THE EMERGENCY PAID SICK LEAVE ACT

15. In March 2020, COVID-19 was sweeping across the United States, prompting hospitalizations, business closures, and new awareness of the need to self-isolate to avoid spreading the disease.

16. In response to these mounting concerns, Congress passed the Families First Coronavirus Response Act, 116 Pub. L. No. 127, 134 Stat. 178 (2020), on March 18, 2020.

17. One part of the Families First Coronavirus Response Act was the EPSLA, 134 Stat. 195, which created the first-ever federally mandated paid sick leave benefit.

18. Under the EPSLA, covered employers must provide paid sick leave to employees who are "experiencing symptoms of COVID-19 and seeking a medical diagnosis." EPSLA § 5102(a)(3), 134 Stat. 195; *see also* 29 C.F.R. § 826.20(a)(1)(iii).

19. Full-time employees are eligible for up to 80 hours of leave pay at their regular rate of pay. 29 C.F.R. §§ 826.21(a), 826.22(a).

20. The EPSLA's implementing regulations describe the maximum documentation an employer may require from a worker requesting sick leave. 29 C.F.R. §§ 826.90–.100.

21. If an employee does not give the required notice, the employer may not unilaterally deny the request, but must instead give "notice of the failure and an opportunity to provide the required documentation prior to denying the request for leave." 29 C.F.R. § 826.90(a)(1).

## STATEMENT OF FACTS

22. In July 2020, Mr. Rios Martinez was Defendant's full-time employee, normally scheduled to work at least 40 hours per week.

23. He worked as a delivery driver, receiving $15.50 per hour for his first 40 hours of work each week.

24. On or about July 12, 2020, Mr. Rios Martinez began experiencing symptoms of COVID-19, including a fever, chills, muscle aches, and loss of his sense of smell.

25. On July 15, Mr. Rios Martinez's day off, he received a COVID-19 test at a drive-through testing site administered by CommUnityCare Health Centers.

26. At the testing site, Mr. Rios Martinez received informational flyers about COVID-19 and his testing regimen, but no doctor's note.

27. The next day, Mr. Rios Martinez texted his supervisor, Daniel Hernandez, describing his symptoms and attaching a photo of a flyer from the testing site.

28. The flyer had Mr. Rios Martinez's name and the test date, July 15, written across the top.

29. The flyer stated that anyone who had been experiencing symptoms should begin self-isolation.

30. Hernandez responded to the notification by requesting that Mr. Rios Martinez furnish him with a doctor's note and the test results.

31. Mr. Rios Martinez then called for his results, but he learned that the testing site was experiencing a substantial delay.

32. Testing delays were common at the time.

33. Due to the testing delay, Mr. Rios Martinez could not provide Hernandez with a note or results.

34. Because Mr. Rios Martinez was still symptomatic and needed to self-isolate to avoid spreading the disease, he did not report for his next scheduled shift, on or about July 16.

35. Mr. Rios Martinez continued experiencing symptoms of COVID-19 until at least the end of July.

36. On July 29, 2020, Mr. Rios Martinez finally received his results over the phone.

37. He had tested positive for COVID-19.

38. Mr. Rios Martinez texted Hernandez with the news that same day.

39. Hernandez asked Mr. Rios Martinez to send the results when they arrived.

40. Mr. Rios Martinez did so, texting Hernandez a photo of a letter with his positive test results on August 1.

41. The letter was signed by a doctor and dated July 29.

42. Mr. Rios Martinez returned to work on or about August 2.

43. Upon his return, he had missed just over two weeks of work.

44. After he returned to work, Mr. Rios Martinez asked Hernandez when he would be receiving his leave pay for the time he had been out.

45. Hernandez responded that Mr. Rios Martinez would not receive leave pay because, according to Hernandez, Mr. Rios Martinez had been required under the law to provide a doctor's note within five days of his test.

46. Hernandez was incorrect.

47. Under the EPSLA, an employer may not request a doctor's note, and there is no mandatory five-day time period for providing required documents.

48. Mr. Rios Martinez was eligible for paid sick leave for a two-week period beginning on or about July 16, 2020.

49. Under the EPSLA, Mr. Rios Martinez should have received 80 hours of paid sick leave at his regular rate of pay.

50. Mr. Rios Martinez's regular rate of pay was $15.50 per hour.

51. Under the EPSLA, Defendant owed Mr. Rios Martinez $1,240.00 in paid sick leave at his regular rate of pay.

52. Despite Mr. Rios Martinez's request, Defendant did not give him any leave pay for the period when he was suffering from COVID-19.

## CAUSE OF ACTION

### EPSLA: Denial of Paid Sick Leave

53. Mr. Rios Martinez re-alleges and incorporates the allegations contained in the foregoing numerical paragraphs as if each such allegation was fully set forth herein.

54. Defendant failed to provide Mr. Rios Martinez with 80 hours of paid sick leave at his regular hourly rate for a two-week period beginning on or about July 16, 2020.

55. During that two-week period, Mr. Rios Martinez was unable to work because he was experiencing symptoms of COVID-19 and seeking a diagnosis.

56. By failing to provide Mr. Rios Martinez any paid sick leave, Defendant violated Mr. Rios Martinez's rights under the EPSLA, § 5102(a), for which he is entitled to relief pursuant to the EPSLA, § 5105(a)(2).

57. On account of this violation, Mr. Rios Martinez has suffered damages and is entitled to his unpaid sick leave, an equal amount in liquidated damages, costs of court, and attorney's fees pursuant to EPSLA § 5105(a)(2) (incorporating the penalties in 29 U.S.C. § 216(b)).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Rios Martinez respectfully requests that this Court:

(a) Declare that Defendant violated his rights under the EPSLA;

(b) Grant judgment in his favor on his EPSLA claim and award him his paid sick leave, an equal amount in liquidated damages, costs of court, and attorney's fees;

(c)     Award him pre- and post-judgment interest, as permitted by law; and

(d)     Grant any other such relief as the Court may deem just and proper.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

By:

*/s/ Douglas L. Stevick*
Douglas L. Stevick
Texas Bar No. 00797498
TEXAS RIOGRANDE LEGAL AID, INC.
5439 Lindenwood Ave.
Saint Louis, MO 63109
Tel: (956) 982-5557
Fax: (956) 825-7035
dstevick@trla.org

Elizabeth T. Leiserson
(*Pro hac vice* motion forthcoming)
Tennessee Bar No. 036095
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Tel: (615) 538-0725
Fax: (615) 538-0678
eleiserson@trla.org

John Steinnes
(*Pro hac vice* motion forthcoming)
Washington State Bar No. 51961
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, TX 78212
Tel: (210) 212-3782
Fax: (210) 212-3782
jsteinnes@trla.org

ATTORNEYS FOR PLAINTIFF